

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00553-CV

**IN THE INTEREST OF C.A.P.**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00593
Honorable Thomas F. Lee, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: February 27, 2013

AFFIRMED

Kyle P. appeals the trial court's order terminating his parental rights to his daughter, C.A.P. Madeline T., C.A.P.'s mother, filed a petition to terminate the parent-child relationship between her daughter and Kyle P. When Kyle P., an inmate, failed to appear at trial, the trial court signed an order terminating his parental rights. The trial court later set aside this order because Kyle P. had not been given an opportunity to participate by telephone. The case was set again for a bench trial, during which both Kyle P. and Madeline T. participated.

At trial, Madeline T. testified that after she divorced Kyle P., he was convicted of sixteen counts of sexual assault and indecency with a child by contact. Madeline T. testified that these convictions arose from Kyle P. molesting her older daughter, a minor, for a period of four years. Madeline T. testified that C.A.P. is her "main concern" and that C.A.P. asked her to file the

petition to terminate Kyle P.'s parental rights. Madeline T. explained that C.A.P. is now fourteen years old and about to start high school. According to Madeline T., C.A.P. is ready for a new life and a new start. C.A.P. now understands that Kyle P. was convicted of molesting her older sister for a period of four years. Madeline T. testified that C.A.P. does not want any contact with Kyle P. and does not want to be associated with him. Madeline T. testified that Kyle P. was "never a father" to C.A.P., never supported her, and has not had any interaction with C.A.P. since the divorce. Madeline T. testified that Kyle P. is going to be in prison for at least the next two years. On cross-examination, Madeline T. admitted that four years ago, C.A.P. told Kyle P. that she loved him. However, Madeline T. testified that C.A.P. is now four years older, has grown up, and matured. C.A.P. now fully understands what happened between Kyle P. and her older sister, and wants a fresh start. She no longer wants Kyle P.'s name associated with her.

Kyle P. testified that although his convictions were affirmed on appeal, the Innocence Project has taken his case. According to Kyle P., he fully expects that he will be exonerated. He asked the court to take judicial notice of affidavits in the court's file, which he argued support his innocence. Kyle P. also testified that he was a good father to C.A.P. and that he has not had any contact with C.A.P. because he was not allowed to write to her.

After hearing all the evidence, the trial court terminated Kyle P.'s parental rights, finding by clear and convincing evidence that Kyle P. had

- voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months;
- knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child;
- engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child;
- failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition;

- been adjudicated under title 3 of the Texas Family Code for conduct that caused the death or serious injury of a child and that would constitute a violation of section 21.11 of the Texas Penal Code; and
- knowingly engaged in criminal conduct that has resulted in his conviction of an offense, and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed.

*See* TEX. FAM. CODE ANN. § 161.001(1)(C), (D), (E), (F), (L), (Q) (West Supp. 2012). The trial court also found by clear and convincing evidence that termination of Kyle P.'s parental rights was in C.A.P.'s best interest. *See id.* § 161.001(2).

On appeal, Kyle P. argues that (1) the trial court committed reversible error by failing to appoint an attorney ad litem for C.A.P.; (2) the evidence was legally and factually insufficient to support the finding that termination of his parental rights was in C.A.P.'s best interest; (3) the evidence was legally and factually insufficient to support the finding that Kyle P. engaged in conduct that allowed the trial court to terminate his parental rights; and (4) his due process rights were violated because the trial court denied "his right to present a defense" and call witnesses in his defense.

In his first issue, Kyle P. argues that the trial court was mandated by the Texas Family Code to appoint an attorney ad litem for C.A.P. Section 107.021(a-1) of the Family Code provides,

> In a suit requesting termination of the parent-child relationship that is not filed by a governmental entity, the court shall, *unless the court finds that the interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests*, appoint one of the following:
>
> (1) an amicus attorney; or
>
> (2) an attorney ad litem.

TEX. FAM. CODE ANN. § 107.021(a-1) (West 2008) (emphasis added). Here, the trial court specifically found that Madeline T., "a party to the suit, has no interest adverse to the child the

subject of this suit and would adequately represent the interest of the child." The trial court also found that "[n]o attorney ad litem or amicus attorney was necessary, and none was appointed." We review this finding by the trial court for abuse of discretion. *See In re T.L.W.*, No. 12-10-00401-CV, 2012 WL 1142475, at *3 (Tex. App.—Tyler Mar. 30, 2012, no pet.). At trial, Madeline T. testified that she filed the termination action because her daughter, C.A.P., asked her to do so. According to Madeline T., C.A.P., now fourteen years-old, is about to start high school and wants a fresh start. Madeline T. testified that C.A.P., who was very young at the time of Kyle P.'s trial, now fully understands that Kyle P. molested her sister for four years. And, C.A.P. does not want any more contact with Kyle P. and wants to change her name so that she is no longer associated with him. Madeline T. testified that her daughter was her "main concern" and that she wanted to start a new life and did not want anything to do with the past. Madeline T. stated, "I'm here because she is my daughter and I'm looking out for her best interest." Because Madeline T.'s testimony is some evidence to support the trial court's finding, we hold that the trial court did not abuse its discretion in not appointing an attorney ad litem for the child. *See In re A.C.W.*, No. 12-11-00137-CV, 2012 WL 1379653, at *2 (Tex. App.—Tyler Apr. 18, 2012, no pet.).

Parental rights may be terminated only upon proof of clear and convincing evidence that the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code, and that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). In his second issue, Kyle P. argues that the evidence was legally and factually insufficient to support the trial court's finding that termination of his parental rights was in C.A.P.'s best interest.

When the legal sufficiency of the evidence is challenged, we look at all the evidence in the light most favorable to the trial court's finding to determine whether a reasonable trier of fact

could have formed a firm belief or conviction that its finding was true. *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). "To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.* "If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id.* at 344-45.

When a parent challenges the factual sufficiency of the evidence on appeal, we look at all the evidence, including disputed or conflicting evidence. *Id.* at 345. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). In reviewing termination findings for factual sufficiency, we give due deference to the factfinder's findings and do not supplant its judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).

Here, there was evidence that Kyle P. is imprisoned because he was convicted on sixteen counts of sexual assault and indecency with a child. Kyle P. stated at the hearing that his conviction was affirmed on appeal. And, there was testimony that he will be in prison for at least the next two years. There was also evidence that C.A.P., who is just beginning high school, understands the crime for which Kyle P. was convicted, wants a new start, and no longer wants to be associated with the past. We, therefore, conclude that the evidence is legally sufficient to

support the trial court's finding that termination of Kyle P.'s parental rights was in C.A.P.'s best interest. With respect to factual sufficiency, Kyle P. argues that the Innocence Project has taken his criminal case and that he fully expects to be exonerated. He also points to affidavits filed in this case, which he argues show that he was not guilty of the crimes for which he was convicted. Although Kyle P. might be exonerated in the future, he presently is incarcerated for multiple counts of sexual assault and indecency with a child. In considering the entire record, including the disputed evidence, we conclude that the evidence is factually sufficient to support the trial court's finding of best interest. *See In re J.O.A.*, 283 S.W.3d at 345.

In his third issue, Kyle P. argues that the evidence was legally and factually insufficient to support the finding that he engaged in conduct that endangered the physical or emotional well-being of C.A.P. He also argues that there was legally and factually insufficient evidence that his conduct caused death or serious injury to a child. His arguments, thus, attack the sufficiency of the trial court's findings pursuant to section 161.001(1)(D), (E), and (L). Kyle P., however, does not attack the sufficiency of the trial court's findings with respect to section 161.001(1)(C), (F), and (Q). *See* TEX. R. APP. P. 38.1(i). Once the best interest finding under section 161.001(2) is satisfied, the party seeking termination need prove only one of the termination grounds listed in section 161.001(1). *See* TEX. FAM. CODE ANN. § 161.001; *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003). Thus, when, as here, the trial court terminated the parent-child relationship on multiple grounds under section 161.001(1), we may affirm on any one ground. *In re A.V.*, 113 S.W.3d at 362. And, because we may affirm on any one ground, Kyle P., by not challenging the sufficiency of the evidence to the trial court's findings on "C", "F", and "Q" grounds, has waived any complaint concerning the sufficiency of the evidence to support those findings. *See In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.). Therefore, the trial

court's termination order is supported by sufficient evidence, and we need not address Kyle P.'s third issue on appeal. *See id.*

In his fourth issue, Kyle P. argues that his federal constitutional due process rights were violated because he was denied the opportunity to present a defense or witnesses. The record, however, reflects that Kyle P. did not voice any objection to a lack of notice of the trial setting until after Madeline T. rested her case. Thus, Kyle P. had already fully participated in opening statements and cross-examination of Madeline T. before he complained about a lack of notice. *See* TEX. R. APP. P. 33.1. Further, when he did complain, the trial court noted that it had in its file an order setting an inmate hearing for the non-jury docket on that date, and a fax transmission indicating that the order was faxed to Kyle P., as well as a letter that was mailed to Kyle P. at the Stevenson Unit in Cuero. The appellate record confirms that notice was faxed to Kyle P. at the Stevenson Unit. Kyle P. claimed to not have received any notice. He then told the court that he had some witnesses he had wanted to present. Instead of calling the witnesses, he asked the court to refer to the four affidavits he filed in the case. The trial court agreed to take judicial notice of the affidavits. Thus, in considering the record, we cannot conclude that Kyle P. was denied an opportunity to present his case or witnesses.

We affirm the trial court's Order of Termination.

Karen Angelini, Justice